**Order filed November 3, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00110-CR
_____

### KENNETH GREGORY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-19-1278-CR**

### O R D E R

We issue this order in regard to eight exhibits—specifically, Exhibit Nos. 1, 16, 17, 21, 22, 23, 24, and 25—that are missing from the reporter's record that was filed in this court on July 8, 2021. The court reporter for the 70th District Court, Tina Gregg, has notified this court that five of the eight DVD exhibits contain explicit material and that she was told by the trial court not to send or upload them because it was a federal crime to do so. Appellate counsel requested that all exhibits be included in the reporter's record, and in his appellate brief, Appellant challenges

the sufficiency of the evidence with respect to two of the counts for which he was convicted. Therefore, pursuant to Rule 34.6(5) of the Texas Rules of Appellate Procedure, all exhibits admitted into evidence by the trial court must be included in the reporter's record.

With respect to any concern that the court reporter would be violating federal law by providing the exhibits to this court, we offer this quote from a federal district court:

> In support of his argument that the law [18 U.S.C. § 2252] reaches conduct that cannot constitutionally be proscribed, defendant observes that the statute fails to make explicit exceptions for possession of child pornography by law enforcement officers, prosecutors, the court, or a jury. The argument is specious for two reasons. Obviously, neither the court nor a juror is subject to prosecution for possession of contraband if it is being examined as evidence at trial, and it is a sophistry to suggest that because possession of contraband is illegal, a law enforcement officer may not seize it or an assistant U.S. attorney may not present it as evidence in a prosecution. But these privileges do not arise from any of the protections of expression embodied in the First Amendment. They are rather incidents of the special functions these persons perform in our justice system.

*United States v. Lamb*, 945 F. Supp. 441, 448 (N.D.N.Y. 1996) (addressing federal law criminalizing the receipt, distribution, reproduction, transport, and shipping of child pornography via mail or computer).

By this order, **Tina Gregg is ORDERED to file in this cause (1) a sealed supplemental reporter's record containing copies of the explicit exhibits that were admitted at trial but were omitted from the reporter's record previously filed in this cause and (2) an unsealed supplemental reporter's record containing copies of the nonexplicit exhibits that were admitted at trial but were omitted from the reporter's record previously filed in this cause**. The supplemental reporter's records are due to be filed in this court on or before November 17, 2022. Without preapproval from this court, all eight exhibits shall be

2

filed electronically via the Texas Appeals Management and E-filing System (TAMES) web portal.

PER CURIAM

November 3, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.